IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD SANDERS,                          :
                                         :
               Petitioner,               :   CIVIL NO. 3:CV-07-2263
                                         :
       vs.                               :   (JUDGE VANASKIE)
                                         :
WARDEN, USP-ALLENWOOD, et al.,           :
                                         :
               Respondents.              :


M E M O R A N D U M

I.     Background

_____Before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by

Howard Sanders, an inmate currently confined at the Metropolitan Detention Center in

Brooklyn, New York.  At the time Sanders filed this action, he was confined at the United States

Penitentiary at Allenwood (USP-Allenwood), Pennsylvania.  Named as Respondents are the

Warden at USP-Allenwood and unnamed New Jersey State officials.  In the petition, Sanders

maintains that the Warden at USP-Allenwood (1) violated the Interstate Agreement on

Detainers by exceeding the 180 Day Clause to either take him to trial or dismiss the charges

against him with prejudice, and (2) misapplied Bureau of Prisons Program Statement 5100.08,

Inmate Security Designation and Custody Classification, in that said program statement was

not in effect at the time he was sentenced.  He seeks his release from confinement and/or a

change in his custody classification by the BOP.   On May 29, 2008, an Order to Show Cause

was issued directing Respondents to file a response to the petition.  (Dkt. Entry 6.)  A response

was thereafter submitted on June 17, 2008.  (Dkt. Entry 10.)  No traverse has been filed by

Petitioner.  For the reasons that follow, the petition will be dismissed for failure to exhaust

administrative remedies.

II.     Discussion

Sanders was confined at USP-Allenwood from February 28, 2007, through April 18,

2008, on which date he was transferred to the Federal Medical Center located in Devens,

Massachusetts.  (Dkt. Entry 10, Ex. 1, Sullivan Decl., ¶¶ 2, 3.)  Thereafter, Sanders was

transferred to MDC Brooklyn in New York, where he is currently confined.  (Id., ¶ 4.)  On May

21, 2008, he was designated to continue serving his sentence at FCI-Fairton, New Jersey, but

currently remains at MDC Brooklyn in "holdover" status, awaiting transportation to the New

Jersey facility.  (Id., ¶¶ 5, 6.)

Sanders challenges the legality of his confinement based upon an allegation that the

Interstate Agreement on Detainers was violated with regard to the time limitations for either

taking him to trial or dismissing certain charges against him.  He also challenges the security

designation/custody classification assigned to him by the BOP, claiming that the policy was not

in effect at the time he was sentenced.

Respondents seek the dismissal of the habeas petition on the ground that Sanders has

2

failed to exhaust his administrative remedies with regard to his claims.  In support of their

argument, the declaration of K. Michael Sullivan, Senior Attorney at the Federal Correctional

Complex at Allenwood, Pennsylvania, has been submitted.  (Id.)

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their

administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."

Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Hegney v.

Hogsten, Civ. No. 1:CV-07-0271, 2008 WL 282371 at *3 (M.D. Pa. Jan. 31, 2008)(Conner, J.).

A party is required to exhaust administrative remedies before seeking relief in federal court

unless Congress has indicated to the contrary or the available administrative remedies are

inherently inadequate.  Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also

Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992).  Exhaustion is required "for three reasons:

(1) allowing the appropriate agency to develop a factual record and apply its expertise

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial

resources; and (3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy."  Moscato, 98 F.3d at 761-62.

The Bureau of Prisons ("BOP") has established a multi-tier system by which a prisoner

may seek formal review of any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10-542.16

(1994).  First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt

to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a).  Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a).  In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days.  Id., § 542.15(a).  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the BOP Central Office within thirty (30) calendar days from the date of the Regional Director's response.  Id. No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office.  28 C.F.R. § 542, et seq.

On June 10, 2008, Sullivan conducted a search of the BOP's Administrative Remedies Generalized Retrieval System to determine whether or not Sanders had exhausted his available administrative remedies regarding the issues he raises in the instant petition.  The review revealed that Sanders has never filed any administrative remedies.  Accordingly, the petition is subject to dismissal for failure to exhaust administrative remedies.  An appropriate Order is attached.

s/ Thomas I. Vanaskie

Thomas I. Vanaskie
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD SANDERS,                         :
                                        :
            Petitioner,                 :   CIVIL NO. 3:CV-07-2263
                                        :
      vs.                               :   (JUDGE VANASKIE)
                                        :
WARDEN, USP-ALLENWOOD, et al.,          :
                                        :
            Respondents.                :

## O R D E R

NOW, THIS 26th DAY OF AUGUST, 2008, in accordance with the foregoing

Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The petition for writ of habeas corpus is DISMISSED.

2.      The Clerk of Court is directed to mark this case CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge